Martin, J.
delivered the opinion of the court. The plaintiff alledges that she kept a boarding house in this city, well supplied with the necessary furniture, had a great deal of custom and was thriving in her business, when the defendant took charge of said house and furniture, managing its concern, and receiving the profits : that she faithfully attended to the management of the house and they continued engaged in the conduct of it for six years ; the plaintiff in the meanwhile receiving no wages and no part of the profits was ever allowed her; that she is fairly entitled to some compensation for her labour, and the wear and tear of her furniture.
The defendant pleaded the general issue and prescription : further, that in the month of April, 1810, the plaintiff and he agreed to live and cohabit together and did so, till the year 1819 ; that during the most of that time, the parties lived in a house hired by the defendant, and the plaintiff superintended his household *12 affairs : he paid the rent and supplied the house with groceries, money, &c. He supported the plaintiff, during the whole time of their cohabitation, finding her food, raiment and every thing necessary, and indulged her with money whenever she required it. He paid her at sundry times, different sums of money, amounting together to $7000, which she never accounted for. He paid for supplying her with food, raiment, &c. about $16,00. She received several sums of money from boarders, amounting together to several thousand dollars, which she never accounted for. The defendant never promised her any pay or reward, except for cohabitation, on which promise she is without any action.
The plaintiff had a verdict and judgment for 1200 dollars and costs, and the defendant appealed.
The testimony, which is voluminous, establishes the fact that the plaintiff kept a decent boarding house for mechanics, well supplied with furniture, when the defendant came to board with her; that soon after he took the management of the house, as master of it, and the plaintiff continued her attention to its indoor concerns with great care. Her own witnesses *13 depose that they lived in greater intimacy than morality allowed. This, however, does not seem to have been the motive of their coming together, but rather the consequence of the familiarity, which a close union of interest is apt to create between persons of different sexes. We, therefore, cannot view this circumstance, as preventing or destroying any right which she may have on the defendant for a remuneration, and perhaps it increases his obligation, in a moral point of view, of doing her justice, instead of lessening it in a legal.
For the faithful and incessant services, in attending to the management of an humble boarding house, which fall to the lot of a female ; for the wear and tear of her furniture, the jury have believed that she is entitled to a sum which does not exceed what a common black servant would be allowed, at the ordinary rate, about ten dollars per month. Against this verdict, no principle of law militates, and we cannot say that it is incorrect. There is no evidence of any specific sum of money coming into her hands. The continuity of her services till, within a short time, previous to the suit, repels the plea of prescription.
It is, therefore, ordered, adjudged and de *14 creed, that the judgment of the parish court be affirmed with costs.
Livingston for the plaintiff, Hennen for the defendant.