PATRICK HAIRY *v.* A. DENNISTOUN and another.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Larue* and *Preston*, for the plaintiff.

*Briggs*, for the appellants.

MORPHY, J.   The petitioner claims $384, for the freight of 182 barrels of molasses, and four hogsheads of sugar, transported from Houmas, in Lafourche Interior, to *Donaldsonville*.   He alleges, that the said articles of merchandize were there delivered by him to the agent of the defendants, on the 29th of October, 1839, according to a freight bill annexed to his petition ; that they have not passed into third hands, and that he has a privilege or lien upon the same.   The defendants deny that they are in any wise indebted to the plaintiff, and aver that the molasses and sugar, provisionally seized, were consigned to them, by Messrs Pujos & Verret, of Donaldsonville, for account of J. J. Banks, on board the steamer Pekin, to be sold by them as commission merchants.

They allege, that they have not now, nor ever had any property in the sugar or molasses, and do not know the petitioner. There was a judgment below in favor of the latter for the amount claimed, with the privilege of a carrier on the property seized. The defendants have appealed.

The evidence makes out a case different from that set forth in the petition, but this should be no bar to the plaintiff's right to recover, if it be established by such evidence. It appears, that the sugar and molasses belonged, not to the defendants, but to one J. J. Banks, from whose plantation in Lafourche Interior, it was carried by the plaintiff to Donaldsonville. At the request of Pujos & Verret, not the agents of the defendants, as alleged, but probably, the correspondents and commission merchants of Banks at that place, the goods were put on board of the steamer Pekin, and sent to the defendants at New Orleans to be sold for the account of the said Banks. The plaintiff followed the property subject to his lien for the freight, and, on the 31st of October, 1839, brought suit, and obtained an order of provisional seizure. The defendants bonded the property, and disposed of it. The witnesses who prove the services rendered, and the reasonableness of the charge made by the plaintiff, do not state on what day of October the goods were delivered by plaintiff; but we are satisfied from the circumstances of the case, that it must have been in the latter part of that month, and that therefore, the fifteen days within which his lien could be enforced, under article 3213 of the Civil Code, had not yet expired when the seizure took place. No attempt was made below, to set aside the order of provisional seizure on the ground that the privilege no longer existed. The defendants having received goods, subject to such privilege, as the ultimate consignees, and agents of Banks, and having bonded the property, the court below did not err in allowing the plaintiff a judgment to be satisfied out of its proceeds. Civil Code, art. 3213. 6 Mart. 12.

*Judgment affirmed*