DAVID GRANGER, Owner of Ship Epaminandos, *v.* CAMPBELL AND RICKARBY, et al.

The privilege for freight, conferred by article 3213 of the Civil Code, extends only to goods of which the Captain has, or has had, possession.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Josephs*, for plaintiff. *Goold*, *Wolfe* and *Singleton*, and *Benjamin* and *Micou*, for defendants.

By the court:

SLIDELL, J. The plaintiff is owner of the ship Epaminondas; and this suit grows out of a contract made by *Gifney* and *Lovell*, brokers for one *Simpson*, to furnish cargo to the amount of one thousand bales of cotton, at a stipulated rate of freight. After two hundred and five bales had been delivered to the ship, *Simpson* absconded, leaving his vendors, *Bradley, Wilson & Co.*, unpaid. Part of the cotton was still in the cotton press, and the ship had acquired no control over it. The whole of the cotton, both that on ship-board and that in the cotton press, was seized, under writs sued out by the vendors and by *Campbell* and *Rickarby*, who had made *Simpson* advances upon it. Meanwhile freights declined, and the vessel, being disappointed as to the shipment of the seven hundred and ninety-five bales, had to make up her cargo at reduced rates. The plaintiff insisted that he had a privilege upon the two hundred and five bales, for the loss of freight; and, to avoid injury to all parties by the delay of the ship, in consequence of the seizures, it was agreed that the two hundred and five bales shipped, should be bonded, and go forward in the vessel, the proceeds to be subject to the ship's lawful claims. In the litigation which followed between *Bradley, Wilson & Co.* and *Campbell* and *Rickarby*, those proceeds were awarded to the latter, ( 7 Ann. —,) and the plaintiff now looks to them for the payment of his claim of damages. The freight of the two hundred and five bales has been paid.

We find no ground for any claim against *Campbell* and *Rickarby* directly under the agreement to furnish cargo; for that agreement was made with *Simpson*. There was no privity of contract between the plaintiff and *Campbell* and *Rickarby*.

Then the only question remaining is, whether the plaintiff has a privilege upon the two hundred and five bales actually shipped, for the damages arising from *Simpson's* failure to ship the seven hundred and ninety-five bales. We think it clear he has not.

The article 3213 of the Civil Code declares, that "The captain has a privilege for freight during fifteen days after the delivery of the merchandise, if it has not passed into third hands. He may even keep the goods, unless the shipper or consignee shall give him security for the payment of the freight." The privilege thus conferred extends to goods of which the captain has, or has had, possession. Here the captain never had possession of the seven hundred and ninety-five bales.

Judgment affirmed; costs of appeal to be paid by appellant.