No. 1177.

STATE NATIONAL BANK VS. MONROE COTTON PRESS COMPANY ET AL.

SAME VS. L. D. ALLEN ET AL.

L. D. ALEXANDER & CO. VS. L. D. ALLEN, JR., ET AL.

(Consolidated.)

A contract by which an insolvent debtor, in fraud of creditors, transferred to a creditor in satisfaction of his debt, a number of notes and ac ounts, and paid the difference in cash, if subjected to revocation, must be revoked as a whole, and the payment made, though of a "just debt in money" being part and parcel of the illegal contract, must fall with it.

The evidence establishes that part of the money delivered consisted of the identical bank notes and cash which the debtor, in his capacity as treasurer of a corporation, had received from stockholders thereof, and which he had set aside in a particular drawer by itself as the property of the corporation. Held, as to such moneys that they were the property of the corporation, which the treasurer was bound to deliver and the corporation had the right to receive, and that such delivery is not subject to revocation.

Under Article 1977, C. C., a creditor cannot, by the simple fact of being the first to bring a revocatory action, exclude other creditors from joining in the attack and participating with him in the benefits of the judgment.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*Ludeling & Stillman* for Plaintiffs and Appellants.

*Stubbs & Russell*, and *F. G. Hudson*, and *C. J. & J. S. Boatner* for Defendants and Appellees.

*M. J. Liddell*, *W. N. Potts* and *F. Garrett* for Intervenors and Appellees.

The opinion of the Court was delivered by

FENNER, J. L. D. Allen, Jr., engaged in the banking business in Monroe, under the style of the Bank of Monroe, failed and closed the doors of his banking-house on June 21, 1886, under circumstances which need not be detailed, but which undoubtedly affected the parties concerned here, with notice of his insolvency.

Allen was, at the same time, treasurer of the Monroe Compress Company, and in that capacity was indebted to the company in the sum of nearly five thousand dollars, a considerable portion of which had been paid into his hands by stockholders in the days immediately preceding his failure.

On the day of his suspension the officers of the Compress Company pres... him for a settlement of his indebtedness as treasurer, and succeede in bringing about such a settlement by which Allen turned

over to the company nine hundred and forty-five dollars in money and a number of bills receivable amounting to $3981 40.

The plaintiffs, judgment creditors of Allen, brought this suit to annul and revoke this transfer as made in fraud of creditors.

Certain other judgment creditors of Allen intervened and joined in the demand for revocation, and prayed a *pro rata* participation with plaintiffs in benefits of the judgment.

Judgment was rendered in favor of the plaintiffs and intervenors, setting aside the transfer of the notes and accounts, but refusing to interfere with the money payment, and making a *pro rata* distribution of the proceeds among the plaintiffs and intervenors.

From this judgment plaintiffs alone have appealed.

They urge two complaints :

1. Error in not revoking the payment in money.

2. Error in allowing the intervenors to participate with them in the benefits of the judgment.

I.

In so far as the money delivered was, properly speaking, a payment with Allen's money, we think the complaint of appellants is well founded. It was an integral portion of a reprobated transaction, and tainted with the illegality which infected the whole. It was not such a " payment of a just debt in money " as is exempted from the revocatory action under Art. 1986 C. C. It was part and parcel of an unlawful contract, and must fall with it. But the evidence is positive and uncontradicted that of the money delivered, seven hundred and sixty dollars consisted of the identical notes and cash which had been paid to Allen, as treasurer, by stockholders of the Compress Company, and had been set apart in a drawer by itself as money of the company.

We think this money was the property of the company, which it was the plain duty of Allen to turn over, and which the company had the right to receive.

Plaintiffs should have had judgment for the rest of the money paid, viz: $185. And as intervenors have not appealed, our judgment for this amount will enure to the exclusive benefit of plaintiffs.

II.

We think the claim of plaintiffs to a preference over intervenors, on the ground that their attack was prior in time, is unfounded.

This Court has heretofore construed Art. 1977 (formerly 1972) of the Code, using the following language : "We think the fair and equitable meaning of the article is that when creditors commence the prosecution of their rights about the same time, and use proper diligence

afterward, one should not have an exclusive privilege on the property simply because his suit was first commenced. It would be an unjust interpretation to give the law in many cases. The case might be different if it were apparent that one of the creditors had slept upon his rights and neglected to assert them with reasonable diligence." Walton vs. Bemiss, 16 La. 144.

The same authority recognizes the right of other creditors to intervene in the first revocatory action.

The case establishes the principle that other suing creditors are not subordinated to the one first bringing the revocatory action, simply by reason of the latter's priority, and leaves it to the discretion of the courts to determine whether the former have been guilty of such *laches* as to conclude their rights.

We are not prepaied to say that intervenors in this case should be debarred from asserting their rights, and approve the judge *a quo's* ruling on this point.

It is, therefore, ordered adjudged and decreed that the judgment appealed from be amended by adding thereto a judgment in favor of plaintiffs and against the Monroe Cotton Press Company, for the sum of one hundred and eighty-five dollars, with 5 per cent interest thereon, from July 3, 1886, the same to be applied exclusively to the debts of plaintiffs, and that, as thus amended, the same be now affirmed, the Monroe Cotton Press Company to pay costs of this appeal.