No. 2734

Second Circuit

———

**ROYAL ROUTE CO. v. WHITTINGTON & NICHOLSON CONSTRUCTION CO.**

———

(Dec. 11, 1926.   Opinion and Decree.)
(Jan. 28, 1927.   Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. Louisiana   Digest—Sequestration—Par. 2, 14, 22; Pleading—Par. 62.

A petition for a sequestration based on a privilege must contain an allegation that the defendant was lawfully in possession of the property when the privilege arose and any other circumstance under which the law recognizes a privilege on the property. In the absence of which the suit will be dismissed on an exception no cause of action.

2. Louisiana Digest—Shipping—Par 86.

Under Article 3246 of the Civil Code the captain of a vessel has a privilege for the freight charges during fifteen days after the delivery of the merchandise if they have not passed into third hands.

3. Louisiana Digest—Shipping—Par. 33.

The word "captain" used in Article 3246 of the Civil Code comprehends the word "carrier" or "owner of the vessel".

4. Louisiana   Digest—Sequestration—Par. 1, 12.

The sequestration provided by Article 163 of Code of Practice is purely an action in rem and the jurisdiction falls as to all defendants when the thing seized is released.

5. Louisiana Digest—Courts—Par. 9, 16.

In an action in rem the court must look to its own jurisdiction without any plea raising the question.

Appeal from Seventh Judicial District Court of Louisiana, Parish of Concordia. Hon. R. M. Taliaferro, Judge.

Action by Royal Route Company against C. C. Whittington and Nicholson Construction Company.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

G. P. Bullis, of Vidalia, attorney for plaintiff, appellant.

Dale, Young & Dale, of Vidalia, attorneys for defendants, appellees.

. WEBB, J. The plaintiff, Royal Route Company, a corporation organized under the laws of this state, operates a steamboat on the Mississippi river, and it brings this action to recover for freight charges on a shipment made on the 18th day of April, 1925.

The suit was filed in the Seventh Judicial District Court for the Parish of Concordia on April 26, 1926.

The plaintiff, in substance, alleges that, on April 18, 1925, C. C. Whittingon, a resident of the Parish of East Carroll, employed it to transport a ditching machine belonging to the Nicholson Construction Company of Lake Providence, Louisiana, and that, acting under the employment, it transported the machine and placed it on the river bank at Vidalia, Louisiana, in the Parish of Concordia, where it has remained in the possession of C. C. Whittington; that it has a privilege on the machine for freight charges, and that it is within the power of Whittiugton to conceal, part with or dispose of the machine and that it fears he will do so during the pendency of the suit and that it is necessary that a writ of sequestration issue to protect its rights in the premises.

Plaintiff prays for the issuance of a writ of sequestration and for service and citation on C. C. Whittington and the Nicholson Construction Company recognizing plaintiff's privilege on the machine for the amount of the judgment rendered against Whittington and that the machine be sold and the proceeds applied to the payment of the judgment rendered against Whittington.

The writ of sequestration was issued and the machine was seized by the sheriff of Concordia parish. The record does not show whether or not service was made on C. C. Whittington, or the Nicholson Construction Company.

On May 14, 1926, Whittington appeared by counsel solely for the purpose of excepting and did except to the jurisdiction of the court rationae personae, and on the same date the Nicholson Construction Company appeared and moved to dissolve the writ of sequestration upon the grounds that the affidavit upon which the writ had issued was false and untrue and that the proceedings, as against it, being solely in rem, as alleged, that the privilege of plaintiff, if it ever existed, was prescribed under the prescription of fifteen days as provided by Article 3246 C. C., and reconvened for damages, attorney's fees.

The Nicholson Construction Company, after filing the motion to dissolve and on the same day, answered admitting that it was domiciled in the Parish of East Carroll and that it was the owner of the machine and denied the other allegations of the petition.

It alleged that it was in possession of the machine and pleaded an exception of no cause of action, and, further, the prescription of fifteen days under Article 3426 C. C., and prayed for relief accordingly.

The exceptions and motions do not appear to have been tried separately from the merits.

The minutes show that the cause was tried, evidence adduced and, after argument of counsel, taken under advisement, and judgment rendered and signed sustaining the plea of prescription filed by the Nicholson Construction Company and the plea to the jurisdiction filed by C. C. Whittington and plaintiff's suit dismissed at its cost.

Plaintiff appealed.

### OPINION.

The plaintiff admits that the exception filed by C. C. Whittington to the jurisdiction of the court was, as to the demand for a personal judgment against him, properly sustained, but contends that, as to the action in rem, it should have been overruled; it being contended that even though the plea of prescription filed by the Nicholson Construction Company was properly sustained as to it, the cause should be remanded for trial as against Whittington.

Plaintiff further contends that the plea of prescription filed by Nicholson Construction Company was improperly sustained, arguing that the prescription pleaded is not applicable, in that Article 3246 C. C., has no application where the claim for freight charges is by the carrier, in which case, it is contended, the law has not specially provided for the duration of the privilege, and that it exists as long as the property remains in the possession of the debtor and until the right of action on the debt is extinguished by prescription.

The record indicates that the motion to dissolve the writ of sequestration filed by the Nicholson Construction Company was referred to the merits and that the exception to the jurisdiction filed by C. C. Whittington was tried with the merits in the action against the Nicholson Construction Company. The plaintiff did not take any exception to such proceeding in the trial court and it has not been suggested here that the proceedings were irregular. However, as there is some uncertainty as to the grounds upon which the plaintiff insists that the cause should be remanded, we shall consider the case as if the trial was on the exceptions and plea of no cause of action and of prescription, although we conceive that as the evidence introduced on the trial is not in the record we would be authorized to affirm the judgment dismissing plaintiff's suit on the presumption that the evidence offered would warrant such action.

Counsel rather ingenuously places in the front the claim that the trial court erred in sustaining the plea to the jurisdiction filed by Whittington insofar as it relates to the action in rem, and the effect of such error upon the judgment rendered by the court in sustaining the plea of prescription filed by the construction company, and the dismissal of plaintiff's suit; but we shall pass these questions and come to the consideration of the case on the pleas filed by the construction company and the effect of such pleas on the case as against both defendants.

In this connection we assume that it will be conceded that the right to proceed in rem against the property of the Nicholson Construction Company, a resident of the Parish of East Carroll, is based upon the provisions of Article 163 of the Code of Practice, reading, in part, as follows:

"* * * in all cases of provisional seizure or sequestration, the defendant may be cited, whether in the first instance or in appeal, * * * within the jurisdiction where the property provisionally seized or sequestered is situated or found, though he has his residence out of that jurisdiction * * * provided that all judgments rendered in such cases shall be only operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant.

The ordinary writ of sequestration is based upon a privilege, pledge or mortgage upon property usually securing a debt of the owner of the property or the debt of another where the law has given a privilege or pledge or the owner has consented to a pledge or mortgage to secure such debt.

Considering now the plea of the Nicholson Constructon Company, that is, the execution of no cause of action and the plea of prescription, in the order named.

We find that there is no allegation whatever in 'the plaintiff's petition which connects the construction company with the debt alleged to be due the plaintiff by C. C. Whittington, nor is there any allegation which, if accepted as true, shows that the law has created a privilege on the property sought to be sequestered to secure the debt alleged to be due by C. C. Whittington. It is not alleged that C. C. Whittington was lawfully in the possession of the property of the construction company when he instructed plaintiff to transport it or that it was transported for the benefit of the construction company, nor any other circumstance under which the law recognizes a privilege on the property of the Nicholson Construction Company to secure a debt due by C. C. Whittington, and we are of the opinion that as there must be some allegation of fact from which it follows that a privilege exists on the property of one person to secure the debt of another and as the petition does not allege any such facts, the petition fails to state a cause of action.

However, should we construe the plaintiff's pleading in such a liberal manner as to hold that there is any allegation of fact therein which would warrant the conclusion that plaintiff has a privilege on the property of the Nicholson · Construction Company to secure the debt of Whittington, or that from the nature of the claim and the allegation that the property was in the possession of Whittington and that the burden of pleading and proof was on the Nicholson Construction Company to establish that its property was not subject to a privilege to secure the debt of C. C. Whittington, we are of the opinion that the same result would follow from the plea of prescription filed by the Nicholson Construction Company.

As stated, there is no minute of the evidence introduced on the trial, and we must assume that the evidence established that the property sequestered had been out of the possession of the plaintiff for fifteen days and in the possession of Whittington, as alleged by plaintiff, or in the possession of the Nicholson Construction Company, as alleged by it.

Article 3246 of the Civil Code declares that:

"The captain has a privilege for the freight during fifteen days after the delivery of the merchandise, if they have not passed into third hands. He may even keep the goods, unless the shipper or consignee shall give him security for the payment of the freight."

And being of the opinion that the word "captain" should be read so as to comprehend the carrier or owner of the vessel, we find that the plea of prescription filed by the Nicholson Construction Company was properly sustained (Mississippi Transportation Co. vs. Fosdick, Mann. Unrep. Cases, 3; Harry vs. Denniston, et al., 5 Rob. 130; Wilson vs. Banner, 1 Rob. 558; Granger vs. Campbell, et al., 7 La. Ann. 611).

The court in actions purely in rem must look to its jurisdiction without any plea raising the question, and we are of the opinion that the action provided by the law, Article 163 C. P., in which the property of a resident of this state may be proceeded against in another jurisdiction than that of his residence, is an action purely in rem; that in such cases the jurisdiction does not actually attach until the property is actually seized and in possession of the court through its officers, and

that the jurisdiction falls when the thing seized is released.

The Nicholson Construction Company was made a party defendant by seizure of its property and it could file such pleas and exceptions as it deemed necessary and demand that they be passed upon without awaiting the progress of the action against C. C. Whittington, and whenever the court in passing upon the plea of the Nicholson Construction Company (such as an exception of no cause of action) reached a decision which necessarily divested it of the possession of the property, upon which its jurisdiction was based, its jurisdiction fell, and it was without power to proceed against any other party to the action where the jurisdiction of the court was as to such party likewise dependent upon the possession of the property.

If the court had any jurisdiction over C. C. Whittington, it resulted from the seizure of the property, and when the property was released its jurisdiction fell, and the court could not proceed against Whittington unless he had submitted himself to its jurisdiction.

We find that the plea or exceptions (no cause of action and of prescription filed by Nicholson Construction Company) should have been sustained and that it necessarily follows the property should have been released and that jurisdiction of the court fell and that the suit was properly dismissed.

The judgment is affirmed.