**YOUNG v. REED et al.** *

No. 4938.

Court of Appeal of Louisiana. Second Circuit.

Dec. 5, 1934.

Stephens & Gahagan, of Natchitoches, and Wallace & Hardeman, of Benton, for appellants.

Harry V. Booth, of Shreveport, for appellee.

MILLS, Judge.

This suit is brought in the parish of Bossier. The petition alleges that during the fall of 1933, Dr. C. R. Reed and G. F. Thomas, residents of Natchitoches parish, and N. W. De Soto, of Caddo parish, entered into a joint adventure for the purpose of developing for oil and gas certain land leased by them, located in Bossier parish; that with the knowledge and consent of Reed and Thomas, De Soto, acting for the said association, on or about December 1, 1933, employed petitioner, Louis B. Young, as a day driller at a wage of $6 per day, to put down wells on said land; that he worked as such on the well known as Douty No. 2 from December 1, 1933, until February 18, 1934, earning $288, upon which he has been paid $113, leaving a balance due of $175. He alleges further that in accordance with the provisions of Act No. 171 of 1928, fellow laborers on this same project have assigned to him their claims amounting to $1,239; that all of above are protected by liens duly filed; that the drilling rig and equipment were moved off of the lease by De Soto on the night of March 14, 1934, in an effort to defeat the above liens; that there being no usual place of payment, demand was made in vain upon Reed, Thomas, and De Soto wherever found; that accordingly, under the terms of Act No. 150 of 1920, all of above laborers are entitled to full pay up to the time the indebtedness is discharged or tender made.

A writ of provisional seizure is prayed for, directed to the sheriff of the parish of Red River, ordering the seizure of the rig and equipment located near Coushatta in that parish. Judgment is asked in the full sum of $1,414, the penalties allowed by law for its nonpayment after demand, for recognition of the lien and privilege, and the maintaining of the writ of provisional seizure, under which the rig was seized in Red River parish.

In an amended petition plaintiff alleged that before the filing of the original petition the joint adventure had been abandoned, terminated, and dissolved by agreement. In the alternative, in the event the court should find the joint adventure had not been dissolved, plaintiff prays that the association or partnership should be made a party to this suit and cited under the name of "Dr. C. R. Reed of Natchitoches, Louisiana, Trustee." He prays for a personal judgment against the three original defendants, and the partnership, in solido.

*Rehearing denied January 9, 1935.

Defendants Dr. C. R. Reed and G. F. Thomas excepted to the jurisdiction ratione personae. They also attack the constitutionality of Act No. 161 of 1932, if it should be held to grant other than an in rem jurisdiction over defendants not residing or domiciled in the parish wherein the suit is brought. The pleas to the jurisdiction and of unconstitutionality were overruled. A default judgment, rendered against De Soto, maintaining the writ of provisional seizure, is not contested, nor is the correctness of the amount alleged to be owing for labor. No appearance was made by the alleged partnership or joint adventure operating under the name of "Dr. C. R. Reed of Natchitoches, Louisiana, Trustee," and no default was taken as to it.

After due trial had, there was judgment in favor of plaintiff and against the defendants Dr. C. R. Reed, G. F. Thomas, and against "Dr. C. R. Reed of Natchitoches, Louisiana, Trustee," for the amount claimed, without penalties, as ordinary partners. Defendants C. R. Reed and G. F. Thomas have appealed, and plaintiff has answered the appeal, praying that the judgment be recast so as to make defendants C. R. Reed and G. F. Thomas jointly liable with N. W. De Soto for their virile portion, or one-third each, of the sum of $1,414.

Defendants Reed and Thomas strenuously contend that their pleas to the jurisdiction and to the constitutionality of Act No. 161 of 1932 should have been sustained and the suit dismissed as to them.

Article 129 of the Code of Practice provides:

"District and parish courts have no jurisdiction, when actions are brought against persons residing in the State, out of the limit of their respective jurisdiction, except in the cases expressed in this Code."

Article 162 of the Code of Practice provides:

"It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law."

Article 163 of the same work provides for certain exceptions to this general rule, among them:

"* * * and in all cases of provisional seizure or sequestration the defendant may be cited, whether in the first instance or in appeal, either within the jurisdiction where the property * * * provisionally seized or sequestered is situated or found, though he has his domicile or residence out of that jurisdiction, or in that where the defendant has his domicile, as the plaintiff chooses; provided, that all judgments rendered in such cases shall only be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant."

The petition filed in the Twenty-Sixth judicial district court for the parish of Bossier alleges that the work was performed in that parish and that all defendants are domiciled in this state but outside of Bossier parish.

The petition, though alleging the filing of a lien affecting both the lease and the drilling rig, only prays that the rig in Red River parish be provisionally seized. It was the only property seized under the writ.

It is then apparent that under the above-quoted articles of the Code of Practice, the jurisdiction of the district court of the parish of Bossier is limited to an in rem action unless it can be shown that the present suit comes under some other express exception to the provisions of articles 129 and 162 of the Code of Practice than that contained in article 163. Thompson v. Calcasieu Trust & Savings Bank, 140 La. 264, 72 So. 958; Franek v. Turner, 164 La. 532, 114 So. 148; Royal Route Co. v. Whittington & Nicholson Const. Co., 5 La. App. 504; Dejona v. Steamboat Osceola, 17 La. Ann. 277; Giffen v. Manning, 19 La. Ann. 204; Henning v. The St. Helena, 5 La. Ann. 349.

It is contended that section 5 of Act No. 161 of 1932 makes such an exception in the case of laborers on oil wells. This section provides:

"That the jurisdiction of any suit under this Act may, at the option of plaintiff, be either in the parish where the work was done or the labor was performed, or material and supplies furnished or in the parish of domicile or principal place of business of the defendant, or at the domicile of defendant's agent."

Defendants reply that it was not the purpose of this act to extend the jurisdiction of courts in personam and that only the right to an action in rem is conferred by it where defendants reside out of the parish where the suit is brought and the work done. In the alternative, they urge that if such extra territorial jurisdiction is granted in personam, the act is unconstitutional, being broader than its title. The title reads:

"To create a lien and privilege on oil and gas wells, water wells, and wells drilled in search of oil, gas or water and all drilling rigs, standard rigs, and all machinery, appurtenances, appliances and buildings and other structures, including all piping and tanks, and the lease on which the same are located, in favor of laborers and other workers employed on and in favor of the furnishers of materials and supplies on or used in connection with such lease or drilling such wells, and providing for the enforcement thereof and providing that the lien and privilege in favor of the furnishers of materials and supplies shall be second in rank to the lien and privilege in favor of laborers and other workers employed on such lease or drilling such wells."

The purpose of the act, as thus stated, is limited to the creation of a lien and to provide for the enforcement thereof, meaning, of course, the enforcement of the particular lien created. There is no suggestion or indication in the title that the act is designed to extend or affect the jurisdiction of courts in personal actions, or to permit the rendition of a personal judgment in an in rem action. There is nothing in the act outside of the disputed section that can be construed as conferring any such jurisdiction. There is no mention of a personal action or an intention to amend article 163 of the Code of Practice. If we should hold that section 5 does grant a right of personal action against a nonresident, then it is unconstitutional, as such a construction would clearly bring it in conflict with section 16 of article 3 of the Constitution, which reads:

"Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

A personal action is not a method or means of enforcing a lien. It is not essential, incidental, or germane thereto. A well-settled rule of construction is that where an act is capable of more than one construction, that must be adopted which is consistent with its constitutionality. There being no express provision in the act granting an action in personam, and under the above rule no reason to so construe it, we find that section 5 does not, and that the Legislature did not intend that it should, confer any personal jurisdiction over nonresidents.

It is suggested that if it was not the intention to confer the right of a personal action, there is no reason for the enactment of section 5 of the act inasmuch as the right to an action in rem is conferred by article 163 of the Code of Practice. The answer to this is that under article 163 of the Code of Practice the action must be brought where the property is seized, whereas under section 5 of the act, as was done in the present case, the suit may be brought in the parish where the work was done, and the property seized wherever found.

■ We therefore conclude that the exception to the jurisdiction should have been sustained in so far as a personal judgment is prayed for. As the alleged association entitled "Dr. C. R. Reed, Natchitoches, Louisiana, Trustee," made no appearance in the suit and no default was taken as to it, no valid judgment could be rendered against it. As it does not appeal, we would be powerless to change the judgment as to it. However, plaintiff, in answer to the appeal, prays that the judgment be amended by omitting that against the association. We think this should be done, for the reasons given, and for the further reason that it is shown that the association was not in existence when the suit was brought.

The judgment appealed from is therefore amended by making it one in rem only by limiting its effect to the drilling rig actually seized under the writ of provisional seizure, and by omitting from the decree the judgment against the association entitled "Dr. C. R. Reed, Natchitoches, Louisiana, Trustee." As thus amended the judgment appealed from is affirmed; the costs of the lower court to be paid out of the res, and those of this court to be paid by plaintiff.