Garland, J.
delivered the opinion of the court.
The plaintiff, who is a grocer in the parish of Iberville, brought suit against Savory and Marshall, alleging that they, with King, Mays, and others were owners of a steamboat called the Alpha, to which he had furnished supplies and sold a quantity of provisions, liquors and other articles amounting to $327 07. The account is acknowledged in writing by J. A. King, one of the owners and master of the boat, to be correct. The defendants admit in their answer the partnership was dissolved in the latter part of February, 1840, by the seizure and sale of the boat. They except to this suit and say that it cannot be maintained, as all the owners of the boat are not made parties, although the plaintiff knew who they were and has named them in his petition. The court overruled the exception because the defendants had not in it disclosed the names of all the partners. This the defendants say they were not bound to do, as the plaintiff had named different persons as being owners and was bound to join them in the action.
[87] The judge of the district court was correct in overruling the exception, although the reasons he gave for it wore not perhaps the best that could have been assigned. It has been held on various occasions that the owners of steamboats transporting passengers, produce and merchandise for hire were commercial partners, and, as such, jointly and severally bound for the debts that may be contracted on account of the boat. 4 La. Rep. 107; 13 Id. 281, and 14 Id. 491, 303; Each may therefore be sued for the debt and held responsible. During the existence of a partnership, all the partners may bo sued in the parish where they conduct their business, although one or more of them may be domiciliated in a different one. 13 La. Rep. 424; Code of Practice, art. 165. But we are not prepared to say after a partnership is dissolved, the partners could be so sued. It appears by the admission of the defendants, that this suit was instituted after the partnership was dissolved; we are therefore of opinion that the action can be maintained.
On the trial of the case, the plaintiff offered in evidence an account in detail, with an acknowledgment in writing at the foot thereof by J. H. King, captain of the boat and one of the owners, that it was correct, and also offered to prove by a witness that King had signed said acknowledgment in his presence, admitted the account to be just, that the articles were for the use of the boat, and expressed his regret he had not money to pay it. To this the defendants objected, saying the evidence was only secondary and not binding on them. The judge admitted the testimony and the defendants excepted ; we think he did not err. Masters of steamboats are the agents of the owners in all matters relating to their management and purchasing necessary supplies, and contracts made or acknowledgments of indebtedness for such purposes by them, are binding on the owners. 14 La. Rep. 492.
[88] The acknowledgment and promise to pay, was made before the boat was sold, and the partnership was bound by the acts of one of the partners and the agent of all.
The judgment of the district court is therefore affirmed with costs.