## No. 3166.—T. H. J. RICHARDSON v. R. A. HUNTER.

A judgment rendered against a party whose domicile and residence is not in the parish where the court is held, is null and void, because the court is without jurisdiction *ratione personæ*. In such a case consent of the defendant can not give jurisdiction. Act of 1861, amending Article 162 C. P.

APPEAL from the Ninth Judicial District, parish of Rapides. *Orsborn*, J. *Wm. A. Seay*, for plaintiff and appellee. *R. J. Bowman*, for defendant and appellant.

REPORTER.—This case was first before the Supreme Court at Natchitoches in August, 1869. At that term of the court a rehearing was granted and the cause was remanded, with instruction to the court *a qua* to try the question of the domicile of the plaintiff, who is seeking to annul a judgment against him on the ground that he was not a resident of the parish where the suit was brought at the time it was rendered. On the new trial in the court below the domicile of the plaintiff in the action of nullity was found to be in a different parish from that where the court was held and that where the judgment was given. An appeal was again taken by the defendant and the judgment of the court *a qua* annulling the judgment was again affirmed.

TALIAFERRO, J. This is an action to annul a judgment rendered against the plaintiff in favor of the defendant. The judgment sought to be annulled was rendered by the judge of the Ninth District, sitting in and for the parish of Rapides, at the March term, 1866. In that

suit the defendant, T. H. J. Richardson, the plaintiff in this action to annul, was sued as a resident of the parish of Rapides, and citation was served upon him in the parish of Sabine by a deputy sheriff of the parish of Rapides. An exception was filed and sustained. Before the adjournment of the court for the term an agreement was made between the attorney of Hunter and Wilson Richardson, holding himself out as the agent and attorney in fact of T. H. J. Richardson, whereby it was settled that judgment should be rendered against T. H. J. Richardson for $3251 72, with stay of execution respectively on one-third of the debt one year, on one-third two years and on the other third three years. The original indebtedness of Richardson to Hunter, it seems, was by note for $4898 54, due December 23, 1861, and upon an open account for $543 02, running from May, 1861, to June, 1862. This indebtedness, by the compromise and consent judgment, was reduced to $3251 72, and to become exigible as already stated in one, two and three years. The judgment thus rendered on the twelfth of March, 1866, the plaintiff in the present action filed his suit to annul on the fourth September, 1867. The defense is that the plaintiff's remedy was by appeal from the judgment complained of, and not having availed himself of that right within the year this action of nullity is prescribed and the matter becomes *res judicata.* It is further answered that the judgment was rendered by the consent and at the instance of the authorized agent and attorney in fact of the plaintiff, and that subsequently to the rendition of the judgment the plaintiff has ratified it. On the trial of this action to annul, the lower court gave judgment in favor of the defendant and the plaintiff prosecutes this appeal.

It is not clearly established that W. L. Richardson was the agent and attorney in fact of T. H. J. Richardson. It is shown that in some other judicial proceeding he acted in that capacity, but it is clear that he was without special power to authorize him to represent and bind the plaintiff in the matter of the judgment of twelfth March, 1866. Evidence is introduced to show a ratification of that judgment, but the evidence we can hardly deem conclusive. The plaintiff called on Judge Manning, the attorney of the defendant, Hunter, not long after the term of court at which the judgment was rendered, and thanked him for having treated him with such consideration, and said he was greatly indebted to him for his kindness, speaking in reference to the favorable terms extended to him.

The defendant testified that a letter was shown to him by the plaintiff's attorney, the purport of which was a proposition by the plaintiff to the defendant to accept a transfer of the yearly lease of his land until the judgment should be paid. This proposition, it seems, was declined on the ground that it was too indefinite, as no specific sum

was named for the annual payments. The proposition expressed in this letter we should rather regard, under the circumstances, as a kind of conditional ratification, which is no ratification at all. The person who assumed to act as the attorney in fact of the plaintiff testified as a witness, that when, a short time after the arrangement was made and the judgment rendered, he informed T. H. J. Richardson of what had been done, he became very angry and requested him to consult an attorney as to whether the judgment could not be avoided. We are not prepared to determine that a full and decided ratification, had there been one, could give validity to a judgment so rendered. The plaintiff and defendant resided and had their domiciles in different parishes. The court was without jurisdiction *ratione personæ*, and the parties could not, by consent, confer jurisdiction. The defendant was not cited and judgment was rendered against him without his knowledge or consent. See act of 1861, amendatory of article 162 of the Code of Practice, and the case of The State *v.* Watkins, 21 An. 258.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendant, declaring null and void the judgment rendered against him on the twelfth of March, 1866, in the suit numbered one hundred and forty-nine on the docket of the district court for the parish of Rapides. And it is further ordered that the defendant and appellee pay all costs in both courts.

## ON APPLICATION FOR REHEARING.

LUDELING, C. J. The application for rehearing is granted, and the judgment of this court rendered on the twenty-third day of August is set aside; and, in the interests of justice, we are constrained to remand this case to the district court to try the question of the domicile of the plaintiff, T. H. J. Richardson.

## ON SECOND APPLICATION.

WYLY, J. This is a suit to annul a judgment on the ground that the same was rendered without citation and without the knowledge or consent of T. H. J. Richardson, the defendant therein, by the Ninth District Court, parish of Rapides, which was without jurisdiction *ratione personæ*, the said Richardson being domiciled in the parish of Sabine.

The case was before this court at Natchitoches on the twenty-third day of August, 1869, and the judgment of the lower court annulling the said judgment was affirmed; the case was subsequently remanded

33

on the application for rehearing, to try the question of the domicile of
T. H. J. Richardson, the plaintiff in this suit and the defendant in the
judgment sought to be annulled.

At the second trial in the court below there was judgment for the
plaintiff, and the defendant has appealed.

An examination of the evidence satisfies us that the domicile of
Richardson was in the parish of Sabine and the Ninth District Court,
parish of Rapides, was without jurisdiction *ratione personœ* on the
twelfth day of March, 1866, at the time the judgment sought to be
annulled was rendered against him.

For the reasons assigned in the opinion of this court on the twenty-
third day of August, 1869, it is ordered that the judgment of the court
*a qua*, annulling the said judgment, be affirmed, with costs