## Case No. 5,544.

### GOODRICH v. HUNTON.

[2 Woods, 137.] [1]

Circuit Court, D. Louisiana.    Nov. Term, 1875.[2]

INJUNCTION TO RESTRAIN EXECUTION — ILLEGAL JUDGMENT—PARTNERSHIP—PLEA OF DIS-CHARGE IN BANKRUPTCY.

1. Generally, under the jurisprudence of Louisiana, a judgment rendered against a party whose domicile is not in the parish where the court is held is void; and,

2. Generally, after the dissolution of a partnership, the partners must be sued in the parish of their domicile.

[See note at end of case.]

3. But notwithstanding the dissolution of a partnership, it still continues for the purpose of liquidation and partition of its assets, and all the partners can be legally sued in the domicile of the firm for such purposes.

4. A discharge in bankruptcy must be pleaded. It cannot be set up after judgment as a reason why the judgment should not be enforced.

In equity. The case was as follows: [Logan] Hunton, the defendant, brought an action at law in the Fourth district court for the parish of Orleans, against the commercial firm of Pilcher & Goodrich, the Goodrich of said firm being the complainant in this case. In said action Hunton, on the 23d day of January, 1874, recovered a judgment against said firm for $2,500, with interest at eight per cent. from May 1, 1861. Thereupon the complainant, Ferdinand M. Goodrich, filed his petition in the same state court which had rendered the judgment against Pilcher & Goodrich, in which he represented that the judgment was null and void, and that Hunton was about to enforce it, and prayed for the writ of injunction to restrain him from so doing. The state court allowed the injunction to go as prayed for. Afterwards Hunton filed his petition and bond for the removal of the case made by the petition to this court, Hunton being a citizen of Missouri and Goodrich of Louisiana, and the case was removed to this court, where it came on for final hearing and decree.

Geo. L. Bright, for complainant.

Thomas Hunton and J. Ad. Rosier, for defendant.

WOODS, Circuit Judge. The grounds upon which complainant asks that there be decreed in his favor a perpetual injunction against the execution of said judgment are two:

1. He says that the court which rendered the judgment had no jurisdiction over his person, and so far as he is concerned, the judgment is null and void. The claim is that the firm of Pilcher & Goodrich, which, during its continuance, had been domiciled in New Orleans, was dissolved before the action of Hun-

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]
2 [Reversed in 99 U. S. 80.]

ton was commenced in the state court; that at the commencement of the suit, the complainant Goodrich had his domicile, not in New Orleans, but in the parish of Carroll, and could not, therefore, be sued in a court of the parish of Orleans; that the service of the citation issued against him from a court of the parish of Orleans was null and void, and the judgment rendered on such service was therefore null and void. To support this claim, the complainant relies on article 162 of the Code of Practice, which declares: "It is a general rule in civil matters that one must be sued before his own judge; that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued; but this rule is subject to those exceptions expressly provided for by law." Among the exceptions to this rule is the following, as expressed in article 165: "In matters relative to partnership, as long as the partnership continues, in all suits concerning it, the parties must be cited to appear before the tribunal of the place where it is established." The complainant says that the partnership having been dissolved before the suit against the firm of Pilcher & Goodrich was commenced, the case would not fall within the above exception to article 162, and he could not be sued out of the parish of his domicile, to-wit, the parish of Carroll. That a judgment rendered against a party whose domicile and residence is not in the parish where the court is held, is null and void, is sustained by the following decisions: State v. Judge, 21 La. Ann. 258; State v. Head, Id. 550; Richardson v. Hunter, 23 La. Ann. 255. It has also been held that after dissolution of partnership, the partners must be sued in the parish of their domicile. Marsh v. Marsh, 9 Rob. (La.) 45; Hobson v. Whittemore, 13 La. 423; Black v. Savory, 17 La. 85. The reply of the defendant to these authorities seems to me to be clear and conclusive.

The evidence in this case establishes beyond controversy that the partnership of Pilcher & Goodrich was in the course of liquidation when the suit of Hunton was brought in the Fourth district court for the parish of Orleans; and the authorities are clear that while the partnership is in liquidation, it continues, and the case must therefore fall within the exception to article 162, made by article 165 of the Code of Practice above cited. Article 165 was taken verbatim from article 159 of the French Code of Procedure, and the French authorities, in construing that article, have declared that notwithstanding dissolution, the partnership still continues for the purpose of liquidation and partition, and that all the partners could be legally cited to appear before the tribunal of the domicile of the firm for the above purpose. 2 Troplong de la Société, 472; No. 1004; 11 Répertoire du Journal du Palais, verbo "Société," 827; Cour d'Appel de Liége, 1842, p. 321. The supreme court of Louisiana, fol-

lowing the French authorities, has held that the partnership, although dissolved, still continues for the purposes of liquidation and partition of gains, and that the partners might be sued at the domicile of the partnership for such purposes. Lobdell v. Bushnell, 24 La. Ann. 296. Following the construction of the supreme court of this state of articles 162 and 165 of the Code of Practice, as I am constrained to do, I am of opinion that the partnership of Pilcher & Goodrich was in existence when the suit of Hunton against the firm was brought; that by service of citation issued from the Fourth district court of the parish of Orleans, the court acquired jurisdiction over the person of the defendant Goodrich, and that the judgment against him is valid and binding.

2. But the complainant says that before the rendition of the judgment against him at the suit of Hunton, he had been discharged in bankruptcy. This is no reason for restraining the execution of the judgment. The discharge in bankruptcy was a defense which should have been pleaded to the action. As Goodrich failed to set it up against the suit of Hunton, he cannot now aver it as a reason why the judgment should not be enforced. There is no ground shown for maintaining the injunction issued by the state court. It must be dissolved and the bill dismissed at the complainant's costs.

[NOTE. From the decree dissolving the injunction issued by the state court and dismissing the bill the complainant appealed to the supreme court, which, in an opinion by Mr. Justice Bradley, reversed the circuit court on the ground that the case was one of which that court could not take cognizance. 99 U. S. 80. The proceeding was held to be tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, and not a separate suit. An action of nullity can only be brought in the court which rendered the judgment, unless a bill in equity charges fraud in obtaining it. The Code of Louisiana classifies the causes of nullity into causes relative to form and those relative to the merits, which is coincident with cases cognizable and not cognizable in the courts of the United States.]