O’NIELL, C. J.
 

 On the 21st of April, 1913, Joseph Franek, residing in Jefferson parish, Da., brought suit in the civil district court for the parish of Orleans, against Malvin E. Turner, residing in Lake Charles, Calcasieu parish, La. for $2,400 and interest and 10 per cent, attorney’s fee, on a claim for rent of property which Franek had leased to Turner, in the city of New Orleans. Franek alleged in his petition that Turner was a resident of Lake Charles, and the citation was addressed to him there and was served upon him there, personally, by a deputy sheriff of Calcasieu parish. The prayer of the petition was for a provisional seizure of the furniture and effects of Turner in the leased premises, for judgment for the amount claimed,- with recognition of the lessor’s lien on the furniture and effects in the leased premises, and for a sale of the furniture and effects to satisfy the judgment. The defendant did not appear or answer the suit, and,' on the 80th of May, 1913, judgment was taken against him by default, as prayed for. Garnishment proceedings were taken out against third parties in New Orleans, alleged to be indebted to Turner, in 1913 and 1914. Franek died on the 17th of August, 1913, and the widow was appointed administratrix of his succession and prosecuted the garnishment proceedings, but nothing was realized thereby.
 

 In April, 1914, Turner, being yet a resident of Lake Charles, brought suit in the civil district court for the parish of Orleans to have the judgment against him declared null for want of jurisdiction in the court that rendered it. No further action was taken in Turner’s suit for nullity of the judgment, and, in February, 1921, on a rule taken by the administratrix of the succession of Franek, Turner’s suit was adjudged abandoned by the lapse of five years without any steps being-taken in the prosecution of it, and was dismissed, under authority of article 3519 of the Civil Code, as amended by the Act 107 of 1898, p. 155.
 

 On the 3d of May, 1923, the administratrix of the succession of Franek sued to revive the the judgment against Turner, alleging that he
 
 *535
 
 was yet domiciled and residing in Lake Charles. The citation was again addressed to him there, and was served upon him there, personally, by a deputy sheriff of the parish of Calcasieu. Turner did not appear or answer the suit, and, on June 28,1923, judgment was taken against him by default. The new judgment against Turner merely decreed that the judgment dated the 30th of May, 1913, and copied in full in the judgment of revival, was thereby revived and given the same force and effect as if rendered on the date of the new judgment.
 

 In October, 1923, Turner, being yet a resident of Lake Charles, brought this suit in the civil district court for the parish of Orleans, to have the judgment dated the 30th of May, 1913, and the judgment reviving it, dated the 28th of June, 1923, declared null for want of jurisdiction in the court that rendered them, and to have both1 judgments canceled. ‘ The administratrix of the succession of Pranek, defendant in this suit, pleaded (1) that Turner’s petition did not show a cause or right of action; (2) that the judgment dismissing Turner’s first suit for nullity of the judgment against him was res judicata; (3) that by his long acquiescence in the proceedings taken against him in the civil district court for the parish of Orleans he was estopped to contest the validity of the proceedings; and (4) that the suit was barred by the prescription of one, three, five and ten years. There was no dispute about the facts which we have stated. The court gave judgment in favor of Turner, declaring both the original judgment dated the 30th of May, 1913, and the judgment reviving it, dated the 28th of June, 1923, null, and ordering them canceled.' The defendant, administratrix of the succession of Pranek, appeals from the decision.
 

 This being a suit by Malvin E. Turner against the Succession of Joseph Pranek, the title given to it seems not to be appropriate; but that is a matter of no importance.
 

 The defendant’s plea of res judicata is not well founded, because the dismissal of a suit on the ground that five years have elapsed without any steps being taken in the prosecution of it, according to article 3519 of the Civil Code, as amended by the Act 107 of 1898, p. 155, does not decide any controversy, and is therefore not available as an estoppel or as the basis for a plea of res judicata, Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865.
 

 The defendant’s pleas of estoppel and prescription are also .unavailing because a suit to have a judgment declared null ab initio for want of jurisdiction in the court that rendered it is never barred by prescription or by the silence of the party condemned for any length of time.
 

 Article 163 of the Code of Practice, as amended by the Act 64 of 1876, p. 106, declares that, in all cases of provisional seizure or sequestration, the defendant may be sued in the jurisdiction in which the property provisionally seized or sequestered is found, “provided, that all judgments rendered in such eases shall only be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant.” In Merchants’ & Farmers’ Bank v. Fisher Lumber Co., 136 La. 860, 67 So. 932, where the suit was brought by the sequestration of property in a parish other than that of the domicile of the defendant, and the latter appeared and released the property on a forthcoming bond, it was said that any judgment that might, have been rendered against the defendant would have been only “operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant.” In Thompson v. Calcasieu Trust & Savings Bank, 140 La. 264, 72 So. 958, the court again declared that, in cases of provisional seizure or sequestration
 
 *537
 
 of property under orders of a court having no jurisdiction over the defendant personally, the court had jurisdiction to render only a judgment in rem, not a judgment in personam. The court said:
 

 “Usually only those actions which have for their object immovable property or property in custodia legis are included among local actions; but by the amendment of 1876 (Act 64, p. 106) to article 163 of the O. P., suits for provisional seizure and sequestration have been included. The general theory of this classification of actions is that the court of the place where the property is situated can more conveniently deal with it, and that in such actions it is the property which, so to speak, is the real, or at any rate the main, defendant. And so we find that by said amendment of 1876 to article 163, C. P., the effect of the judgment in such cases is confined to the property provisionally seized or sequestered. The judgment cannot operate in personam beyond the amount of the property actually seized.”
 

 The defendant contends that Turner, as defendant in the original suit, tacitly subjected himself to personal liability for the judgment prayed for by the plaintiff in that suit, by failing to plead to the jurisdiction of the court ratione personae. As a general rule, a defendant who is sued in a court that has not jurisdiction over him personally becomes liable to have a personal judgment rendered against him if, being cited personally, he does not take exception in limine litis to the jurisdiction of the court. But that rule is not applicable to this case, because the court in which Turner was sued did have jurisdiction over the case, to the extent of the value of the property that was provisionally seized. If he had excepted to the jurisdiction of the court, the plea would have been overruled.- It was not incumbent upon him to plead — or to remind the court — that, according to the act of 1876, amending article 163 of the Code of Practice, the judgment which the court had jurisdiction to render against him would “only be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant.”
 

 The fact that the judgment was ^revived,” ^o to speak, by a judgment rendered in a suit in which Turner was again cited personally makes the ease an exceptional one; but there again the defendant could not have avoided by excepting to the jurisdiction of the court. According to article 3547 of the Civil Code, the court that has jurisdiction to
 
 revive
 
 a judgment — so as to prevent its being extinguished by the prescription of ten years —is the court that rendered the judgment. The effect of the so-called reviving of a judgment, however, is merely to interrupt the prescription and keep the judgment in effect for another ten years. The judgment reviving the original judgment against Turner did not make it any more of a personal judgment against him than it was before, or alter its effect in any way. There was really only the one original judgment against Turner, which, except for the judgment reviving it, would have been extinguished by the prescription of ten years.
 

 The ease was argued and submitted on the assumption — which we accept as true — that the property which was provisionally seized was sold long ago to satisfy the judgment as far as the value of the property so seized could satisfy it, and that the judgment has therefore become functus officio and ought to be canceled if it has no effect as a judgment in personam. Our conclusion is that it is not a judgment in personam, and that therefore the judgment appealed from, ordering it canceled, is correct.
 

 The judgment is affirmed.