HARDY, Judge.
This is a suit by plaintiff as subrogee of its insured for recovei-y of damages resulting from an automobile accident. The named defendants are Beatrice and R. T. Thornton, husband and wife. The accident occurred in Claiborne Parish, Louisiana. The suit was filed in Union Parish, the petition alleging that both defendants were residents of Union Parish. Personal service was made on the defendant husband in Claiborne Parish and domiciliary service on the defendant wife at her home in Claiborne Parish. Admittedly both defendants are residents of Claiborne Parish. Preliminary default was taken but upon the matter being called for confirmation of default the Judge of the District Court for Union Parish held that such court was without jurisdiction and plaintiff's suit was dismissed. Plaintiff brings this appeal.
It would appear that the question before us is governed by Article 162 of the Code of Practice which reads as follows: “It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicil or residence, and shall not be permitted to elect any other domicil or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law.” (Emphasis by the Court.)
Clearly the Judge of the District Court of Union Parish, Louisiana, did not have jurisdiction over the place in which the defendants maintained their domicile and residence in Claiborne Parish. But it is urged on behalf of plaintiff that the question of jurisdiction may be raised only by *309 an exception filed in limine litis, and that the entrance of a preliminary default joins issue, after which no such exception may be considered.
In other words, the cnux of plaintiff’s contention rests upon the argument that a defendant cannot plead lade of jurisdiction ratione personae after issue is joined either by a default or the filing of an answer. Of course, the conclusion flowing from this proposition would be to the effect that the District Judge erred in taking notice, ex proprio motu, of an original lack of jurisdiction.
The supporting argument is predicated upon Articles 93 and 333 of the Code of Practice.
Article 93 provides: “If one be cited before a judge whose jurisdiction does not extend to the place of his domicil or of his usual residence, but who is competent to decide the cause brought before him, and he plead to the merit, instead of declining the jurisdiction, the judgment given shall be valid, except the defendant be a minor.”
Article 333 provides:
“It is a rule which governs in all cases of exceptions, except in such as relate to the absolute incompetency of the judge before whom the suit is brought, that they must be pleaded specially in limine litis, before issue joined, otherwise they shall not be admitted.
“Hereafter no dilatory exceptions shall be allowed in any case after a judgment by default has been taken; and in every case they must be pleaded in limine litis and at one and the same time, otherwise they shall not be admitted; nor shall such exceptions hereafter be allowed in any answer in any cause.”
Concededly under other articles of the Code of Practice the exception to the jurisdiction ratione personae is a declinatory exception, which is a form of dilatory exception, and, accordingly, must be pleaded before issue is joined or answer filed.
In order to sustain plaintiff’s contention it will be necessary to hold that the provisions of Articles 93 and 333 of the Code of Practice, supra, supersede the clear provision of Article 162.
Somewhat to our surprise an examination of .the limited jurisprudence bearing upon this point leaves the determination of this proposition open to question and we are confronted with the necessity of attempting to reconcile the holdings of those few cases which touch the issue.
In Phipps v. Snodgrass, 31 La.Ann. 88, plaintiff sued the defendant husband and wife on a promissory note secured by mortgage. Domiciliary service was made and subsequently a default was entered, followed by the filing of an exception to the jurisdiction. The court held that the exception came too late, the default was confirmed and judgment rendered in favor of plaintiff. We do not think that the cited case can be accepted as authority upon the issue before 11s in view of the fact that the suit was instituted in the District Court for the Parish of Orleans directed against a party alleged to be a resident of said Parish. There is nothing in the report of the case which would indicate that the allegation of residence was incorrect and it is therefore clearly to be differentiated from the instant case in which it is admitted by plaintiff that the allegation of residence in- the petition was in error, it being conceded that the defendants were non-residents of the Parish of Union.
The next case to which we turn is Goodrich v. Hunton, 31 La.Ann. 582. One of the alleged 'grounds for the annulment of judgment, which was the object of the suit, was the claim that plaintiff in suit was a resident of Carroll Parish at the time default judgment was rendered against him by the District Court of Orleans Parish. The holding of the court is expressed in the opinion as follows: “We adhere to the views expressed in Phipps v. Snodgrass, 31 La.Ann. 88. As a consequence, we hold that where a person is sued as a resident of the parish zvhere the suit is brought and is personally served with citation therein, a judgment regularly confirmed on default against him will be res adjudicata against the plea that he resided elsewhere.” (Emphasis by the Court.)
By way of elaboration the Court further stated: “We limit ourselves to the case where the non-resident is sued as a resident, *310 and is personally cited as such, within the parish. For if the service be domiciliary, as a non-resident could have no domicile in such parish, the judgment would be null for want of citation.” (Emphasis by the Court.)
It is again quite obvious that the facts are to be distinguished from those in the instant case for here only domiciliary service was made on the defendant wife, and personal service was made upon the husband in Claiborne Parish and not within the Parish where the suit was brought.
West v. Lehmer, 115 La. 213, 38 So. 969, 971, involved a suit instituted in the District Court for the Parish of Caddo against several defendants, one of whom was the Texas & Pacific Railway Company, whose agent for service of process was domiciled in New Orleans. Default was entered and subsequently the railway company filed an exception to the jurisdiction ratione personae. Judgment was rendered in favor of plaintiff. On appeal it was argued on behalf of plaintiff that issue having been joined by the default the exception came too late. The Supreme Court sustained this contention and commented: “the exception to jurisdiction ratione personae is dilatory, and is not allowed after judgment by default.”
It is to be noted in the statement of facts in the opinion of the Court that the record failed to show that citation upon the railway company had been issued or served.
The case of Franek v. Turner, 164 La. 532, 114 So. 148, 149, which was instituted in the District Court for the Parish of Orleans against the defendant, resident of Calcasieu Parish, involved the provisional seizure of certain property of the defendant. Judgment was rendered by default and later there was judgment reviving the original judgment, which in this proceeding defendant sought to set aside. On appeal from a judgment in favor of defendant the opinion of the Court by Mr. Chief Justice O’Niell observed: “The defendant contends that Turner, as defendant in the original suit, tacitly subjected himself to personal liability for the judgment prayed for by the plaintiff in that suit, by failing to plead to the jurisdiction of the court ratione personae. As a general rule, a defendant who is sued in a court that has not jurisdiction over him personally becomes liable-to have a personal judgment rendered against him if, being cited personally, he does not take exception in limine litis to-the jurisdiction of the court. But that rule is not applicable to this case, because the court in which Turner was -sued did have jurisdiction over the case, to the extent of the value of the property that was provisionally seized. If he had excepted to-the jurisdiction of the court, the plea would have been overruled. It was not inoumbent upon him to plead- — or to remind the court —that, according to the act of 1876, amending article 163 of the Code of Practice, the judgment which the court had jurisdiction to render against him would ‘only ¡be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in per-sonam against the defendant.’ ”
In a vigorous dissenting opinion Mr. Justice Thompson complained:
“The court in its opinion says that it was not incumbent on defendant to plead or to remind the court that it could not render a judgment against him personally.
“Here the court has raised the question of jurisdiction ratione personae to the dignity of jurisdiction ratione materiae, and placed upon the court the duty to notice exprop'ria motu its want of jurisdiction ratione personae, a right and privilege which defendant failed to- claim.
“The court by so ruling has overruled the entire jurisprudence of this state relating to the waiver of the right to plead want of jurisdiction ratione personae after answer has been filed or after judgment by default has been rendered.”
The holding in the above cited case points up another phase of the issue, namely: If, under the express provisions of Article 163 of the Code of Practice, providing for jurisdiction in rem, judgments are limited to the value of the property and any judgment for any excess over said value, in personam, is prohibited, is not this indicative of the interpretation which should be placed upon the provisions of Article 162?
*311 Under the provisions of Article 162 a defendant is not only accorded the right of ■being sued before his own judge but he is expressly prohibited from electing any other domicile or residence for the purpose of being sued. And if a defendant is under no compulsion in the words of the Franek case “to remind the court” of 'its limited jurisdiction why should he be required and expected to remind a court of its complete lack of jurisdiction?
To our way of thinking there is no more reason for requiring a plea to the jurisdiction by a non-resident of a Parish who is not personally served within such Parish than there would be for requiring •such a plea by a non-resident of the State, served without the State. The injustices which would flow from a judgment sustaining jurisdiction in the instant case are •obvious. A plaintiff might sue a defendant in a Parish in which neither resided nor was domiciled, and, upon securing personal service, require such defendant to formally plead the question of jurisdiction or suffer the penalty of judgment by default. ' In other words, a defendant under this interpretation would be forced to the inconvenience and expense of employing a lawyer to plead the issue of jurisdiction despite the fact that the lack of jurisdiction appeared •on the face of plaintiff’s pleading. We contend that no such tenuous, technical and inequitable result was intended. The confusion unquestionably has resulted from the ■somewhat uncertain and ambiguous pronouncements in the cases noted and should be set at rest by a definite determination.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.
TALIAFERRO, J., dissents.
KENNON, J., not participating.