136 So.2d 423 (1961)
Hebert F. FREDERICK, d/b/a The Frederick Company
v.
POPICH MARINE CONSTRUCTION, INC.
No. 5422.
Court of Appeal of Louisiana, First Circuit.
December 18, 1961.
Dudley Yoedicke, New Orleans, Lawrence A. Uter, Baton Rouge, for appellant.
*424 McDougall & Rodrigue, Covington, for appellee.
Before LOTTINGER, LANDRY, and REID, JJ.
REID, Judge.
The plaintiff, Hebert F. Frederick, doing business as The Frederick Company, filed a suit against the Popich Marine Construction, Incorporated for the sum of $6534.46. This represents the balance due on a contract entered into between the Parties on or about November 25, 1958, whereby the plaintiff agreed to furnish all sand and gravel required by the defendant for its sub-contract with Baltimore Contractors, Incorporated for the construction of a tunnel under the intercoastal waterway at Houma, Louisiana, designated as Louisiana Department of Highways State Project No. 65-30-01 for the price of $2.55 per cubic yard for gravel, and $1.80 per cubic yard for sand, FOB, loaded on barge at Frederick's landing at Slidell or Covington, Louisiana with all loading costs to be borne by Frederick.
Plaintiff filed a materialman's lien and privilege dated November 12, 1959 recorded in MOB 172, folio 550 of the official records of Terrebonne Parish, and in this suit asked for recognition and enforcement of said lien. There is no question but that the plaintiff was a resident of the Parish of St. Tammany, State of Louisiana. Itemized statement of the invoices, together with a copy of the lien were annexed to the petition. The papers were served on the defendant on November 25, 1960 on Gus Fitzgerald in Plaquemine Parish, Louisiana. A preliminary default was entered on December 15, 1960. On December 20, 1960 there was a remittitur of $215.00 which reduced the amount sued for to the sum of $6319.46. No answer was filed by the defendant and Judgment by default was rendered on December 20, 1960 for the sum of $6319.46 with legal interest from judicial demand, and all costs of these proceedings, together with recognition of the materialman's lien and privilege in favor of the plaintiff.
On January 5th, 1961 a Writ of Fi Fa was issued and on January 7th petition and Order for Suspensive and Devolutive Appeal was filed and the Order granted.
There was no testimony taken at the confirmation of the default, and there was no testimony in the record other than plaintiff's exhibit marked P-l, which was a copy of the original contract; plaintiff's exhibit marked P-2, which was an itemized statement of account; and a copy of the registered notice, together with return receipt marked P-3, showing demand upon the defendant by the plaintiff for payment of the account.
Defendant appeals from the default judgment obtained by the plaintiff on two grounds:
First: That the record contains insufficient evidence to warrant judgment;
Second: The record on its face discloses that Appellant was not amendable to suit in Terrebonne Parish and the Court has no jurisdiction.
The Appellant's Attorney states in his brief that defendant was a Louisiana Corporation domiciled in Plaquemine Parish. There is no allegation in the original petition to show domicile of Defendant Corporation although service of process was served on them in Plaquemine Parish.
The Trial Judge heard the evidence offered in proof of the plaintiff's claim and it must be presumed that there was sufficient evidence before him to warrant the Judgment. He was also aware of the lien involved and knew that it could not be recognized unless there was proof that the material was delivered to the job liened. The presumption is that the Judge granted the Judgment on sufficient proof to warrant it unless evidence to the contrary had been shown and there is no evidence in the record to disturb this presumption.
*425 Counsel for the defendant-appellant argues there was no transcript of testimony in the record and that he had been informed by the District Court that the Court had no recollection of the confirmation. The failure to have the testimony transcribed does not vitiate the Judgment. The defendant had it wished to urge its defenses, had ample opportunity to do so. Instead, they sat quietly by and let Judgment by default be rendered against it.
Code of Practice, Article 601, states:
"Either party may require the clerk to take down the testimony in writing, which shall serve as a statement of fact if the parties should not agree to one."
Article 602 specifically states:
"When the depositions of witnesses have been taken in writing in the inferior court, the parties intending to appeal or its advocate must require the adverse or its advocate to draw, jointly with him, a statement of the facts proved in the cause, and this statement thus drawn and signed, either by the parties or the advocates, shall be annexed to the record and a transcript of the same submitted to the Supreme Court."
Article 603 Code of Practice states:
"If the adverse party, when required to do so refuse to join in the making out of a statement of facts, or if the parties cannot agree to the manner of drawing the same, the Court at the request of either, shall make such statement according to their recollection of the facts or from the notes they have taken of the evidence."
There is nothing in the record to show that Counsel for the appellant called upon the plaintiff to give him such a statement and that the Judge could not recall the matter.
Two of the points at issue in the case at bar, namely, proof and lack of a statement of facts proved, were considered in Nugent v. Stark and Husband, 34 La.Ann. 628, and the Court in disposing of said issues therein stated:
"First: It is no fault of the appellee that the record does not contain the evidence which the judge says was heard. She was not bound to have it taken in writing. The appellant under the law and the jurisprudence, should have received a statement of facts before appealing. C.P. 602, 603; H.D.80; L.D. 48. She has failed to do so. We must presume that the judge had sufficient evidence before him to justify his judgment, which we cannot reverse on that ground."
In A. J. Hodges Industries v. Fobbs, La. App., 39 So.2d 91, 93, the Court in dealing with the issues of proof and the absence of statement of proven facts, stated:
"Whether or not the proof adduced by the plaintiff herein was sufficient in legal effect to sustain the action instituted by it, we are not in a position to say. The trial judge held that it was sufficient. There is nothing before us to warrant disagreement with him in this regard. A presumption, as announced by a long line of decisions, supports the correctness of his action. Appellant has had her day in court. If she has lost any right herein it is due to her own laches for which she alone is to blame."
In Cohn Flour & Feed Company v. Mitchell, 18 La.App. 534, 136 So. 782, with respect to lack of statement in the record, the First Circuit, Court of Appeals, stated plainly:
"(5) It was the duty of defendant and appellant herein to secure a statement of facts before appealing. Code Prac. arts. 602, 603; Nugent v. Stark and Husband, 34 La.Ann. 631."
It is the jurisprudence of this State, through a long unbroken line of decisions, *426 that a statement must be procured by the party intending to appeal necessarily before the appeal is granted.
The plaintiff-appellee relied further on the case of Raphiel v. Louisiana Railway & Navigation Company, 155 La. 590, 99 So. 459.
This case holds:
"The requirement that the District Judge furnish a statement of facts on which the Judgment was rendered is applicable to a case where Judgment had gone by default and the testimony was not produced in writing, hence a motion by plaintiff to dismiss an appeal by defendant on the grounds that the testimony was not produced to writing must be overruled."
This case also holds:
"There is no principle, law or equity by which a judgment otherwise legally valid and rendered upon confirmation of a default predicated upon such service (personal service) can be set aside in order to afford the defendant an opportunity to make a defense, which notwithstanding his affidavit annexed to the Motion it failed to make within the legal delays. No Court may legally set aside and avoid judgment by default confirmed in strict conformity with all the requirements of law in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in the furtherance of justice."
The next question before the Court is the contention that the record on its face discloses that appellant was not amendable to suit in Terrebonne Parish and that the courts of said Parish were without jurisdiction over his person.
In this regard, defendant relies heavily upon Automobile Insurance Company of Hartford, Connecticut v. Thornton, La. App., 56 So.2d 308 (Second Circuit) which held (Taliaferro, J. dissenting) that a nonresident of a Parish who is not personally served within such Parish is not required to appear and plead lack of jurisdiction over his person. A careful reading of the Thornton case, supra, discloses that it is founded principally upon Franek v. Turner, 164 La. 532, 114 So. 148, which held (Thompson, J. dissenting) that as a general rule a defendant sued in a court other than his domicile becomes liable in person, if, being personally served, he does not timely except to the jurisdiction of the court. An exception to the foregoing rule was recognized and declared in Franek v. Turner, supra, in those instances wherein a personal action is coupled with an action in rem. More specifically, the Franek case held that since the plaintiff therein sued defendant in person and also provisionally seized certain assets of defendant the court has jurisdiction to the extent of the value of the property provisionally seized, therefore, an exception to the jurisdiction would have been without basis. The court therein further held that it was not incumbent upon the defendant to remind the court its judgment could not bind him personally and would be effective only to the extent of the value of the property seized. Finally, the court held that such judgment was null as to defendant personally because of a lack of jurisdiction over his person and that an exception of jurisdiction ratione personae, under such circumstances, was not barred by defendant's failure to plead same in limine litis.
In his dissenting opinion in Franek v. Thompson, supra, Justice Thompson pointed out that the majority opinion was expressly contrary to the ruling in Phipps v. Snodgrass, 31 La.Ann. 88, which clearly repudicates prior jurisprudence to the effect that a plea to the jurisdiction ratione personae could be made at any time before judgment and was ground for annulment after rendition of final judgment. There can be little question but that prior to the decision in Phipps v. Snodgrass, 31 La. Ann. 88, the jurisprudence of this state was established to the effect that a plea to the *427 jurisdiction ratione personae could be made at any time before judgment and constituted cause of annulment even after final judgment. State ex rel. Sandlin v. Judge of Eleventh District Court, 21 La.Ann. 258, Richardson v. Hunter, 23 La.Ann. 255. Alter v. Pickett, 24 La.Ann. 513. Likewise, there can be little dispute that the foregoing line of decisions has been held to be not well founded and has been reversed by subsequent jurisprudence, E. Marqueze & Co. v. LeBlanc, 29 La.Ann. 194; School Board etc. v. Weber, 30 La.Ann. 593; Phipps v. Snodgrass, 31 La.Ann. 88; Stevenson v. Whitney, 33 La.Ann. 655; Mix v. Creditors, 39 La.Ann. 624, 2 So. 391.
Automobile Insurance Company of Hartford, Connecticut, v. Thornton, La.App., 56 So.2d 308, involved a suit against a husband and wife both of whom were residents of Claiborne Parish. The suit, predicated upon an accident which occurred in Claiborne Parish, was in fact filed in Union Parish. Personal service was made upon defendant husband in Claiborne Parish, while his wife was cited by domiciliary service at her home in Claiborne Parish. Plaintiff conceded both defendants were residents of Claiborne Parish. Preliminary defaults were entered against both defendants but upon confirmation the trial court held on its own motion that it was without jurisdiction and dismissed plaintiff's suit. From said action of the trial court plaintiff appealed. In affirming the judgment of the trial court, the organ of the court distinguished the case under consideration from both the Snodgrass and Goodrich cases, supra. The court noted that in the Snodgrass case the petitioner alleged defendant therein was a resident of the Parish in which the suit was filed and nothing in the record indicated the contrary, whereas, in the Thornton case plaintiff conceded defendants did not reside in the jurisdiction in which the suit was filed. The court also cited language from the Goodrich case, supra, which it interpreted as reaffirming the principle of the Snodgrass case but limiting the application of the rule announced in Phipps v. Snodgrass to those instances in which a non-resident is sued as a resident of, or is personally served within the parish in which the suit is filed.
As we comprehend it, the rationale of the Thornton case, supra is founded on the premise that Article 162 of the former Code of Practice accords a defendant the right to be sued at his own domicile and prohibits his election of any other domicile or residence for purposes of suit. The decision appears to further reason that if a defendant is not required to remind the court of its limited jurisdiction over his person, Franek v. Turner, supra, there appears no sound basis for requiring a defendant to remind the court of a total lack of jurisdiction with regard to his person.
The position of the court is that jurisdiction may not be waived because to do so would do violence and nullify the provisions of Article 162 of the Code of Practice which states that a defendant may not elect to be served in any court other than that of his domicile.
Despite the decision in Franek v. Turner, supra, the Supreme Court of this state subsequently held in West v. Lehmer, 115 La. 213, 39 So. 969, that after joinder of issue by judgment of default an exception to the jurisdiction comes too late.
We do not share the view of our brothers of the Second Circuit that to bar a plea to the jurisdiction after the issue is joined nullifies the provisions of Article 162 of the Code of Practice requiring that a defendant be sued at his own domicile. We agree that the Article means that a party may not contract or agree in advance of the filing of a suit against him to be sued in an alien court but there appears no express prohibition or sound reason against his waiving of said right after institution of an action. Jurisdiction ratione personae is basically and fundamentally a question of venue addressing itself to the place where an action is or may be brought and not to the power or authority of the *428 court to adjudicate the subject matter with the provisions of both Articles 162 and 33 of our former Code of Practice. On this score we are fortified by Articles 44 and 928, LSA-C.C.P. (effective January 1, 1961) which provide that objection to venue may not be waived prior to institution of suit and that an objection to venue is waived by failure to plead same as a declinatory exception which according to Article 928 requires such a plea be made before joinder of issue. Further we note the following significant comment appearing under Article 44 LSA-C.C.P. as follows:
"(b) The general rule under the 1870 Code seems to be that venue is waivable, either by an appearance without objection to the venue, or by default. But the question is not free from doubt. In a recent court of appeal decision, it was held that the right to be sued at one's domicile is jurisdictional and can be urged even after default, and by the court on its own motion. Automobile Insurance Co. of Hartford, Conn. v. Thornton, 56 So. 2d 308 (La.App.1951). Under the above article an objection to the venue is waivable, except in the special types of cases covered in the second paragraph."
There appears a clear conflict in the prior jurisprudence as hereinabove quoted. However, upon serious consideration of the issue involved, we believe the sounder view to be the rule announced in Phipps v. Snodgrass, supra, and West v. Lehmer, supra. We see no reason to differentiate the cases based upon the allegations of defendant's residence as related in the petition and the parish wherein service was made.
In any given case, the defendant is perfectly aware of his true domicile irrespective of the allegations relative thereto contained in plaintiff's petition. The object of service of citation is to apprise defendant of the pendency of the action against him so that he may tender in opposition thereto any such defense as is available to him.
We submit that personal citation is equally informative whether service thereof be made at his true domicile or elsewhere. Although the defendant may not elect in advance to be sued in a court other than that of his domicile when so cited he may, if he desires, insist upon his right to be sued before his own court by timely objecting to the jurisdiction of the court, or waive said right by appearing therein without excepting or permitting the matter to go against him by default.
In view of the foregoing, we conclude that defendant having failed to timely appear and except to the jurisdiction of the court in the case at bar is considered to have waived the objection to the venue, which otherwise existed in his favor.
Judgment affirmed.