WATKINS, Judge.
First National Bank of Commerce (FNBC) brought suit against J. Marshall Brown in First City Court of New Orleans for the sum of $523.40, allegedly due FNBC. It later amended its petition to seek $4,370.76, plus interest and attorney’s fees. Defendant Brown filed exceptions of vagueness and lack of venue. In the exception to venue Brown alleged he was domiciled in Slidell, Louisiana, not in New Orleans. The case was voluntarily transferred by FNBC to Slidell City Court. Thereafter, Brown filed an answer and re-conventional demand, seeking damages and attorney’s fees for the alleged violation by FNBC of LSA-R.S. 51:1409 by bringing suit in a court of improper venue for the alleged intentional harassment of Brown.
After trial on the merits, the trial court rendered judgment for FNBC on the principal demand ($4,370.76, plus interest, attorney’s fees and costs), but on the reconven-tional demand rendered judgment awarding Brown $100.00 for humiliation and $500.00 as attorney’s fees. From this judgment, defendant Brown appealed suspensively from the money judgment against him and devolutively seeking an additional $500.00 as attorney’s fees and $25.00 as court costs allegedly due under LSA-R.S. 51:1409. FNBC neither appealed nor answered the appeal.
We affirm the judgment of the trial court.
At the trial it was established that the alleged debt due by Brown was owed on VISA accounts established by Brown and three other cardholders, the balances having been incurred through a “Corporate or Partnership VISA Agreement” with the Bank of New Orleans (BNO), with regard to which Brown had executed a continuing guaranty. The sums allegedly owned by the four cardholders which were allegedly incurred in May through August, 1983, were as follows:
Credit
Cardholder Limit Balance
J. Marshall Brown $1,000 $ 538.57
Anthony L. Vitrano 400 637.88
Ellen M. Brown 500 523.91
Bryan Komegay 400 2,797.23
The testimony of Ms. Sherry Dabaride, a recovery supervisor for First Bankcard Center, FNBC, established that BNO and FNBC merged in 1983.
The trial court took judicial notice of the merger. However, the fact of the merger was established by the testimony of Ms. *674 Dabaride. It was therefore unnecessary for the trial court to have taken judicial notice of the fact a merger had taken place.
Defendant contends, however, that the terms of the merger were not proven. Merger of corporations is a sufficiently well-known occurrence that the terms of the merger in the present case may be deemed established without further proof. We note that Black’s Law Dictionary (5th ed. 1979) defines merger as it pertains to corporations in pertinent part as follows:
The absorption of one company by another, latter retaining its own name and identity and acquiring assets, liabilities, franchises, and powers of former, and absorbed company ceasing to exist as separate business entity. Morris v. Investment Life Ins. Co., 27 Ohio St.2d 26, 272 N.E.2d 105, 108, 109, 56 O.O.2d 14....
It is clear that the merger of BNO and FNBC caused the assets of BNO to be transferred to FNBC as the absorbing corporation. The assets of BNO included the VISA accounts and continuing guaranty considered in the present case. Brown as the party who executed the continuing guaranty is liable to FNBC for the whole of the principal demand of $4,370.76.
The trial court erred in awarding damages for harassment, as LSA-R.S. 51:1409 does not concern itself with filing suit in a court of improper venue. However, since FNBC neither appealed nor answered the appeal, we are unable to grant it any relief from the part of the judgment against it. LSA-C.C.P. art. 2133; Mackie v. Crown Zellerbach Corporation, 444 So.2d 166 (La.App. 1st Cir.1983).
There is no merit to Brown’s claim on appeal for increased attorney’s fees and court costs.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.