NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-77

WAYNE ANTEE AND SANDREE ANTEE

VERSUS

OUPAC, INC.

**********

APPEAL FROM THE
OPELOUSAS CITY COURT
PARISH OF ST. LANDRY, NO. 30092
HONORABLE KENNETH BOAGNI, JR.,JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

AFFIRMED.

Bruce Achille Gaudin
Attorney at Law
100 W. Bellevue Street
Opelousas, LA 70570
(337) 948-3818
Counsel for Defendant/Appellee:
    Oupac, Inc.

C. R. Whitehead, Jr.
Whitehead Law Offices
P. O. Box 697
Natchitoches, LA 71458-0697
(318) 352-6481
Counsel for Plaintiffs/Appellants:
    Wayne Antee
    Sandree Antee

**DECUIR, Judge.**

Wayne and Sandree Antee appeal the Opelousas City Court judge's grant of an exception of no cause of action in favor of OUPAC, Inc. and dismissal of their suit to annul a previous default judgment of that court. The questions on appeal concern the venue of the trial court and the validity of OUPAC's representation and an allegation of unauthorized practice of law.

On March 29, 2005, OUPAC filed suit against Wayne and Sandree Antee in Opelousas City Court to recover on an unpaid note. Wayne was served personally and Sandree received domiciliary service on March 31, 2005. The Antees made no appearance prior to judgment, which was accordingly rendered against them on December 11, 2007.

In 2008, the Antees filed a petition to annul the judgment and OUPAC filed an exception of no cause of action. The Antees contend that the Opelousas City Court was not a court of proper venue in accordance with La.Code Civ.P. art. 42, which states actions against individuals domiciled in the State shall be brought in the parishes of their domiciles. In this connection it is pointed out that the Antees are residents of and domiciled in Natchitoches, Louisiana, and not in Opelousas, Louisiana.

An exception of improper venue is a declinatory exception and, as such, must be pleaded prior to answer or confirmation of judgment by default. La.Code Civ. P. arts. 925 and 928. Except in special instances, of which this is not one, any objection to venue is waived by the failure of the defendant to plead the declinatory exception timely. La.Code Civ.P. art. 44. The authority cited by the Antees, *Automobile Ins. Co. of Hartford, Conn. v. Thornton*, 56 So.2d 308 (La.App. 2d Cir. 1951), to the effect that the right to be sued in one's domicile is jurisdictional and, therefore, can

be urged at any time, is inapplicable for the reason that the rule followed in that case has been legislatively overruled by the articles of the Code of Civil Procedure hereinabove noted.

The Antees next attempt to state a cause of action under the Rules of Professional Conduct for unauthorized practice of law. They base this claim on the fact that an OUPAC employee who was not a lawyer filed the suit in Opelousas City Court. This argument lacks merit because the Rules of Professional Conduct apply only to attorneys and La.R.S. 37:212 allows a corporation to file suit without an attorney, if the amount in dispute is less than $5,000.

Likewise, the trial court properly granted the exception of no cause of action with regard to the Antees' claim that the intentional filing of the suit in the wrong venue constituted an unfair trade practice. In *Glod v. Baker*, 04-1483, p.13 (La.App. 3 Cir. 3/23/05), 899 So.2d 642, 650, *writ denied*, 05-1574 (La. 1/13/06), 920 So.2d 238, the court said:

> This circuit has declined to recognize a proper exercise of judicial process as a basis for an unfair trade practices claim.
>
> In *First National Bank of Commerce v. Brown*, 525 So.2d 672 (La.App. 1 Cir. 1988), Brown claimed FNBC violated the Louisiana Unfair Trade Practices Act by suing him in an improper venue to harass him. The appellate court dismissed Brown's claim for damages and attorney fees, stating that La.R.S. 51:1409 "does not concern itself with filing suit in a court of improper venue." 525 So.2d at 674. In contrast, plaintiffs rely on *Bank of New Orleans & Trust Co. v. Phillips*, 415 So.2d 973, 975 (La.App. 4 Cir. 1982), which found that "the intentional, knowledgeable filing of suit in the wrong venue is an unfair trade practice within the contemplation of R.S. 51:1401" to show that intentional use of the judicial process to harass a party can be an unfair trade practice in violation of the Act. In this case, however, plaintiffs have offered no evidence that suggests CNO intended its resort to judicial process to harass them. CNO's actions do not incorporate misrepresentation, deception, or unethical conduct.

3

Applying *Glod* to this case, we find that the Antees' petition makes no allegation that OUPAC filed in the improper venue in order to harrass them. In fact, the Antees allege only that OUPAC misrepresented the Antees' domicile. However, their petition on its face negates this allegation by affirming that the domicile provided by OUPAC was in fact accurate. Accordingly, the trial court correctly concluded that the Antees did not state a cause of action for unfair trade practices.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants Wayne and Sandree Antee.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.